T.C. Memo. 1996-210

UNITED STATES TAX COURT

MARK J. AND DEBORAH A. HANNA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2995-95.                    Filed May 1, 1996.

<u>Charles F. Daily, Jr.</u>, for petitioners.

<u>Steven B. Bass</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined additions to tax and a penalty in petitioners' Federal income taxes as follows:

| | | | Additions to Tax and Penalty | | | |
|---|---|---|---|---|---|---|
| Year | Sec. 6651(a)(1) | Sec. 6653(a)(1)(A) | Sec. 6653(a(1)(B) | Sec. 6653(a)(1) | Sec. 6661 | Sec. 6662(a) |
| 1987 | $ 413 | $1,837 | [1] | -- | $2,064 | -- |
| 1988 | 4,187 | -- | -- | $3,663 | 4,188 | -- |
| 1989 | 9,491 | -- | -- | -- | -- | $7,593 |

[1]Plus 50 percent of the interest due on $8,257.

Unless otherwise indicated, all section references are to the
Internal Revenue Code for the years in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
The issues for decision are whether petitioners are liable for
the additions to tax and penalty determined by respondent.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated
facts are incorporated in our findings by this reference. At the
time the petition was filed, petitioners resided in Austin,
Texas.

Mark J. Hanna (Mr. Hanna) was an attorney for Babb & Hanna,
P.C. (Babb & Hanna), during the years in issue. Deborah A. Hanna
(Mrs. Hanna) worked in the real estate business and as a
consultant for Babb & Hanna during the years in issue.

Petitioners requested and received extensions to October 15,
1988, to file their 1987 income tax return. The 1987 return was
signed by them October 15, 1988. It was mailed on or after
October 15, 1988, but was returned for insufficient postage. It
was thereafter remailed. The envelope in which the 1987 return
was received was not retained by the Internal Revenue Service
(IRS). The return was stamped by the IRS, however, showing the
postmark date of the return as October 31, 1988, and the received
date of the return as November 3, 1988.

On their 1987 return, petitioners reported adjusted gross
income in the amount of $190,280.08. In late 1988, the IRS

issued a delinquency penalty notice to petitioners concerning their 1987 return. Petitioners paid without protest the amount shown on the notice.

Petitioners requested and received extensions to October 15, 1989, to file their 1988 income tax return. Petitioners included a $20,000 payment with their original request for extension. IRS records do not indicate that petitioners received an additional extension of time to file their 1988 return.

Beginning in March 1990, Mr. Hanna was involved in litigation with his former business partner. Due to the pending litigation, Mr. Hanna was denied access to his tax records that were located on the premises of his former business office.

On April 16, 1990, petitioners sent an additional $25,000 check on their 1988 tax liability to the IRS. Petitioners stopped payment on the check, however, based on a District Court order (court order) related to the litigation. Petitioners' 1988 return was filed on October 17, 1990, and did not have attached an original extension request. Petitioners' 1988 return reported adjusted gross income of $254,374.46 and indicated additional taxes owed of $21,513.99.

Petitioners also requested and were granted an extension to October 15, 1990, to file petitioners' 1989 return. Petitioners sent a check in the amount of $25,000 with the initial application for extension, but Mr. Hanna stopped payment on the

check.  Petitioners had paid only $12,000 through withholding toward their 1989 tax liability when the request for extension was filed.  Petitioners' 1989 return, postmarked October 15, 1990, reported adjusted gross income of $268,689.71 and a total tax liability of $59,903.15, with petitioners owing $47,903.15.

After audits of Babb & Hanna's and petitioners' Federal income tax returns, petitioners agreed to assessment and collection of respondent's proposed deficiencies in the amounts of $8,257.40, $16,749.05, and $37,965.82 for 1987, 1988, and 1989, respectively.  These deficiencies arose from petitioners' mischaracterization of petitioners' personal expenses that were paid by Babb & Hanna as business expenses.  The computations of the additions to tax and penalty that respondent determined are based on the liabilities assessed by the agreement.

OPINION

Section 6651(a)(1)

Respondent determined that petitioners are liable for the section 6651(a) addition to tax for 1987, 1988, and 1989.  Section 6651(a)(1) imposes an addition to tax for failure to file timely a return, unless the taxpayer establishes that the failure did not result from "willful neglect" and that the failure was due to "reasonable cause".  "Willful neglect" has been interpreted to mean a conscious, intentional failure or reckless indifference.  United States v. Boyle, 469 U.S. 241, 245-246 (1985).  "Reasonable cause" requires the taxpayers to demonstrate

that they exercised ordinary business care and prudence and were nonetheless unable to file a return within the prescribed time. Id. at 246; sec. 301.6651-1(c)(1), Proced. & Admin. Regs. The addition to tax equals 5 percent of the tax required to be shown on the return for the first month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent. Sec. 6651(a)(1). Petitioners bear the burden of proving that respondent's determination was incorrect. Rule 142(a); Cluck v. Commissioner, 105 T.C. 324, 339 (1995).

### 1987

Petitioners argue that respondent's failure to retain the envelope bearing the 1987 return in their file should relieve them of liability for the section 6651 addition to tax. Petitioners' argument is not supported by authority or logic. Petitioners signed the return no earlier than October 15, 1988, the last date for timely filing of the return. In their trial memorandum, they admitted that it was thereafter returned for insufficient postage and then remailed obviously after the due date. Mr. Hanna testified to the same effect. Respondent's records are consistent with this explanation. In these circumstances, respondent's failure to keep the envelope is not material. Cf. Oppenheimer v. Commissioner, 16 T.C. 515 (1951). Respondent's determination that petitioners are liable for the section 6651(a)(1) addition to tax for 1987 will be sustained.

1988

Mr. Hanna testified that petitioners' 1988 return was mailed on or about October 15, 1989, and that it was not until he requested a copy of petitioners' 1988 return from the IRS that he discovered that the 1988 return had not been filed. This explanation is implausible. The 1988 return indicated that $21,513.99 was owed by petitioners. Petitioners presumably would have noticed if a check in this amount had been sent with the return and had not cleared their account. If no check was sent, they would have expected to receive a notice to pay the balance shown.

Mr. Hanna claims to have requested another extension to file petitioners' 1988 return after discovering that the 1988 return had not been filed with the IRS. He testified that this extension was granted, extending the due date for petitioners' 1988 return until October 15, 1990. A document was introduced at trial that purported to be a copy of the approved extension request that extended the due date of petitioners' 1988 return until October 15, 1990. IRS records regarding the 1988 tax year to which petitioners stipulated do not indicate that the IRS ever received this request or that such a request was approved. In this case, the maximum extension authorized by law is 6 months. Sec. 6081(a).

While we question the validity of the purported 1990 extension, we need not reach that issue. Petitioners were

initially granted extensions to October 15, 1989, for filing their 1988 return. The additional request for extension was not signed by petitioners until August 15, 1990, 10 months after the initial extensions had expired. Even if petitioners' August 15, 1990, request had been mistakenly approved by the IRS, petitioners could not have relied on it as permission for the late filing. The 10-month period during which they did not have an outstanding extension justifies the section 6651(a)(1) addition to tax for 1988. See sec. 1.6081-4(a)(3), Income Tax Regs. (application for extension must be filed on or before the date that the return was required to be filed).

### 1989

Petitioners requested and received an extension to file their 1989 return. An extension of time to file does not extend the time for payment of any tax due, and the form must "be accompanied by the full remittance of the amount properly estimated as tax which is unpaid as of the date prescribed for the filing of the return." Sec. 1.6081-4(a)(4), Income Tax Regs. Respondent may properly void an extension where the application is invalid because of a failure to estimate properly a tax liability. Crocker v. Commissioner, 92 T.C. 899, 905 (1989). An underestimation, however, does not make an extension application per se invalid. Id. at 906.

Petitioners did not produce at trial any evidence of how they calculated their tax liability for 1989 when making their

original extension request. Federal taxes totaling $12,000 had been withheld from petitioners' income during 1989, but petitioners did not include any additional payment of taxes with their initial 1989 extension application. On their 1989 return, filed in October 1990, petitioners calculated their adjusted gross income to be $268,689.71 and their total tax liability to be $59,903.15.

Petitioners failed to offer any evidence that would explain how they computed their tax liability for purposes of the extension request, on which their tax liability was underestimated by more than $47,000. Petitioners argue that reasonable cause existed for their failure to estimate properly because their tax records for 1989 were unavailable due to pending litigation with Mr. Hanna's former business associate. Inability to obtain information does not generally constitute reasonable cause if taxpayers could have filed a timely return with a reasonable degree of accuracy based on their best knowledge. See Estate of Vriniotis v. Commissioner, 79 T.C. 298, 311 (1982); Electric & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1343 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974). In this case, Mr. Hanna presented no evidence that his law practice income or that Mrs. Hanna's income had decreased in any amount from prior years, such as 1987 and 1988, when petitioners' adjusted gross income had been $190,280.08 and $254,374.46, respectively. There is also no evidence that

petitioners computed their tax based on past income history or that it was consistent with the computation of tax for any prior year.

Respondent appropriately voided petitioners' 1989 extension because petitioners failed to estimate properly their tax liability, as required under Crocker v. Commissioner, supra. Thus, respondent's determination that petitioners are liable for the section 6651(a)(1) addition to tax for 1989 will be sustained.

## Section 6653(a)(1)(A) and (B) and Section 6653(a)(1)

Respondent determined that petitioners are liable for the section 6653(a)(1)(A) and (B) addition to tax for 1987 and the section 6653(a)(1) addition to tax for 1988.  Section 6653(a)(1)(A) and section 6653(a)(1) impose an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is due to negligence or intentional disregard of rules or regulations.  Section 6653(a)(1)(B) imposes an addition to tax equal to 50 percent of the interest due on the portion of the underpayment attributable to negligence.  Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Neely v. Commissioner, 85 T.C. 934, 947-948 (1985).  Petitioners bear the burden of proving that

respondent's determinations are erroneous.  Rule 142(a); <u>Bixby v. Commissioner</u>, 58 T.C. 757, 791 (1972).

Petitioners have produced no evidence that their failure to file timely in 1987 and 1988 was due to reasonable cause. Petitioners' failure to file is prima facie evidence of negligence.  See <u>Emmons v. Commissioner</u>, 92 T.C. 342, 349 (1989), affd. 898 F.2d 50 (5th Cir. 1990).

In addition, petitioners understated their income in 1987 and 1988 due to their practice of mischaracterizing as business expenses, and failing to report as income, their personal expenses that were paid by Babb & Hanna.  Mr. Hanna testified that he was aware that personal expenses were being paid by the corporation but assumed that they would ultimately be charged as income to him.  He gave no reason for failing to report the payments as income in the years that they were made.  Such mischaracterization of expenses is strong evidence of petitioners' lack of due care and disregard of the income tax rules or regulations.  See, e.g., <u>Gutierrez v. Commissioner</u>, T.C. Memo. 1995-252; <u>Epstein v. Commissioner</u>, T.C. Memo. 1994-34.

Respondent's determination that petitioners are liable for the section 6653(a)(1)(A) and (B) addition to tax for 1987 and the section 6653(a)(1) addition to tax for 1988 will be sustained.

Section 6661

Respondent determined that petitioners are liable for the section 6661 addition to tax for 1987 and 1988.  Petitioners bear the burden of proving that respondent's determination is not correct.  Rule 142(a); Cluck v. Commissioner, 105 T.C. at 339. Section 6661(a) provides for an addition to tax on underpayments attributable to a substantial understatement of income tax. Section 6661(b)(2)(A) defines the term "understatement" as being the excess of the amount of tax required to be shown on the return for the taxable year over the amount shown on the return. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  Sec. 6661(b)(1)(A).  The deficiencies to which petitioners agreed for 1987 and 1988 represent substantial understatements in each year.

The section 6661 addition to tax is not applicable, however, if there was substantial authority for the taxpayers' treatment of the items in issue or if the relevant facts relating to the tax treatment were adequately disclosed on the return.  Sec. 6661(b)(2)(B)(i) and (ii).  Petitioners did not present any evidence at trial that would support a claim that there was substantial authority for their treatment of the items in issue or that the treatment was adequately disclosed on their returns. Accordingly, we conclude that petitioners are liable for the additions to tax under section 6661 for 1987 and 1988.

Section 6662(a)

Respondent determined that petitioners are liable for the section 6662(a) penalty for 1989. Section 6662(a) imposes a penalty in an amount equal to 20 percent of the underpayment of tax attributable to one or more of the items set forth in section 6662(b). In the notice of deficiency, respondent based the determination of the section 6662(a) penalty on petitioners' underpayment's being due to a substantial understatement. See sec. 6662(b)(2).

The accuracy-related penalty does not apply with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion of an underpayment and that petitioners acted in good faith with respect to such portion. Sec. 6664(c)(1). The determination of whether petitioners acted with reasonable cause and in good faith depends upon the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

The underpayment of petitioners' tax for 1989 was substantial in that it totaled almost $38,000. Because they failed to show how the amount paid with their request for extension was estimated, petitioners also failed to show that they acted in good faith with respect to the underpayment. See sec. 6662(d)(1)(A). Respondent's determination that petitioners are liable for the section 6662(a) penalty for 1989 will be sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.
